UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Case No. 7:22-cv-00018

**ADAM DAVIS**, on behalf of himself and all others similarly situated,

        *Plaintiff*,

v.

**RELIANCE FIRST CAPITAL, LLC,**

        *Defendant*.

**COMPLAINT - CLASS ACTION**

**JURY DEMAND**

## INTRODUCTION

1. This action arises out of Defendant, Reliance First Capital, LLC's ("Defendant" or "Reliance First"), practice of making prerecorded telemarketing calls without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the North Carolina General Statute §75-100, *et seq*.

2. Plaintiff has not done business with Defendant and has never provided Defendant prior express written consent (or any consent) to call his telephone with prerecorded messages.

3. Accordingly, Plaintiff brings this TCPA action on behalf of himself and four classes of similarly situated individuals under 47 U.S.C. § 227(b) and provisions of the North Carolina General Statute § 75-100, *et seq.*

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

1

5. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claims that they form a single case or controversy.

6. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District, has committed tortious acts in this District, and purposefully directed its telemarketing activities at residents within this District.

7. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from, this District.

## **PARTIES**

8. Plaintiff Adam Davis ("Davis" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Jacksonville, North Carolina.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff is, and at all times mentioned herein was, a "telephone subscriber" as defined by N.C. Gen. Stat. § 75-101(11).

11. Defendant, Reliance First Capital, LLC, is a Delaware registered company headquartered in Melville, New York.

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. Defendant is, and at all times mentioned herein was, a "telephone solicitor" as defined by N.C. Gen. Stat. § 75-101(10).

## GENERAL FACTUAL ALLEGATIONS

14. Defendant sells home loans and refinancing plans to consumers.

15. Defendant, or someone acting on its behalf and at its direction, makes prerecorded telemarketing calls marketing its financial products to consumers who have never provided consent to Defendant.

16. These telephone calls come from changing ten-digit numbers, including but not limited to 877-271-3082.

17. Defendants also use telephone numbers that display the same area code as the telephone number that is called.

18. Upon information and belief, these numbers are likely "spoofed" numbers and are used to increase the chance the called party will answer his phone.

19. When the call recipient answers the call, a prerecorded message is played.

20. When the call recipient does not answer the call, a prerecorded message is left on the call recipient's voicemail.

21. One of the prerecorded messages states:

> Good Morning. Do you have just five to ten minutes to chat today? One of our analysts here at Reliance First Capital would love to show you options that take the money you currently spend and put more of it back into your pocket where it belongs, get you debt free sooner, and show you ways to get cash out in the most cost-effective manner. Money that I believe could be a blessing for your family. We are held in high regard by many. So let us show you why today. Call us back at 877-271-3082. Thanks!

22. Each of these telephone calls were made as part of an automated campaign that, with limited to no human intervention, makes calls and plays prerecorded messages.

## PLAINTIFF DAVIS' FACTUAL ALLEGATIONS

23. Plaintiff is the user of a residential telephone number ending in 6713.

24. The number is not associated with a business and is used for personal purposes.

25. Plaintiff registered his telephone number on the National Do Not Call Registry on August 23, 2020.

26. Plaintiff received at least one of Defendant's prerecorded telephone calls on November 20, 2021.

27. Plaintiff received at least one of Defendant's automated telephone calls that left a prerecorded message on his voicemail on November 22, 2021.

28. The prerecorded message Plaintiff received stated:

> Good Morning. Do you have just five to ten minutes to chat today? One of our analysts here at Reliance First Capital would love to show you options that take the money you currently spend and put more of it back into your pocket where it belongs, get you debt free sooner, and show you ways to get cash out in the most cost-effective manner. Money that I believe could be a blessing for your family. We are held in high regard by many. So let us show you why today. Call us back at 877-271-3082. Thanks!

29. The calling number for these calls was 877-271-3082.

30. In addition, Plaintiff received at least 90 or more calls from Defendant that came from changing ten-digit numbers that displayed a "910" area code.

31. During certain of these calls, Plaintiff would answer the phone, hear a long pause, and then a representative from Defendant would come on the line.

32. On numerous occasions, such as on November 22, 2021, November 23, 2021 and November 24, 2021, Plaintiff requested that Defendant cease calling him.

33. Plaintiff advised multiple representatives of Defendant that he did not own a home, was not interested in Defendant's services and requested that the calls stop.

4

34. On one occasion, a representative of Defendant assured Plaintiff that he would be removed from Defendant's list.

35. Upon information and belief, Defendant did not remove Plaintiff from its calling lists in response to Plaintiff's requests.

36. Plaintiff never provided prior express written consent (or any consent) to Defendant for these telephone calls.

## DEFENDANT'S LIABILITY

37. Because Defendant's calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

38. "Prior express written consent" is specifically defined by regulation as:

> [A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(9)(emphasis added).

39. Plaintiff never provided Defendant with any consent, written or otherwise.

40. Accordingly, each of Defendant's telemarketing calls to Plaintiff using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

41. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.

42. Plaintiff is entitled to $1500 per call if Defendant's actions are found to be knowing or willful.

43. North Carolina General Statute § 75-102(a) prohibits making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone

number appears in the latest edition of the "Do Not Call" Registry." N.C. Gen. Stat. § 75-102(a).

44. Plaintiff's number was on the National Do-Not-Call Registry prior to Defendant's calls.

45. For violations of N.C. Gen. Stat. § 75-102(a), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

46. North Carolina General Statute § 75-102(b) prohibits a telephone solicitor from making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber previously has communicated to the telephone solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that number." N.C. Gen. Stat. § 75-102(b).

47. Plaintiff communicated to Defendant a desire to receive no further telephone solicitation from Defendant, yet Defendant continued to place calls to Plaintiff.

48. For violations of N.C. Gen. Stat. § 75-102(b), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

49. North Carolina General Statute § 75-104(a) prohibits a person from using "an automatic dialing and recorded message player to make an unsolicited telephone call." N.C. Gen. Stat. § 75-104(a).

50. An "automatic dialing and recorded message player" is defined by statute as, "[a]ny automatic equipment that incorporates a storage capability of telephone numbers to be called or a random or a sequential number generator capable of producing numbers to be called that, working alone or in conjunction with other equipment, disseminates a prerecorded message to the telephone number called." N.C. Gen. Stat. §75-101(2).

51. Defendant utilized an automatic dialing and recorded message player to make the calls to Plaintiff.

52. That is because the Defendant loaded lists of telephone numbers to be called *en masse* for its recorded messages to be played.

53. Defendant purchases and/or acquires data that it then formats and loads into the dialer for purposes of *en masse* calling.

54. This is why it uses the generic pre-recorded, as opposed to personalized, messages.

55. For violations of N.C. Gen. Stat. § 75-104(a), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

56. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Device storage;
- Lost time tending to and responding to the unsolicited calls and voicemails;
- Invasion of Privacy; and
- Nuisance.

57. These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

58. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two categories of proposed "Classes," the "TCPA Class" and the "North Carolina Classes" as defined as follows:

## THE TCPA CLASSES

Since January 31, 2018, Plaintiff and all persons within the United States to whose residential telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call.

("TCPA 227(b) Class")

## NORTH CAROLINA CLASSES

Since January 31, 2020, Plaintiff and all residents of the State of North Carolina to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when the telephone number to which the telephone solicitation was made was on the National Do-Not-Call Registry at the time of the call.

("NC 75-102(a) Class")

Since January 31, 2020, Plaintiff and all residents of the State of North Carolina to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation after the telephone subscriber previously communicated a desire to receive no further telephone solicitations to that number.

("NC 75-102(b) Class")

Since January 31, 2020, Plaintiff and all residents of the State of North Carolina to whose number Defendant placed (or had placed on its behalf) an unsolicited telephone call using identical, or substantially identical, equipment and recorded message used to contact the Plaintiff.

("NC 75-104(a) Class")

(The TCPA Classes and the North Carolina Classes are collectively referred to herein as the "Classes.")

59. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

60. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

61. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its calls;

   b. The telephone numbers to which Defendant placed its calls;

   c. The telephone numbers for which Defendant had prior express written consent;

   d. The purposes of such calls; and

   e. The names and addresses of Class members.

62. The Classes are comprised of hundreds, if not thousands, of individuals.

63. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

   a. Whether Defendant (or someone acting on its behalf) used an automatic dialing system or prerecorded voice in placing its calls;

   b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

   c. Whether Defendant or the entity with which it contracts to send its messages sends solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

   d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

9

64. Plaintiff is a member of the Classes in that Defendant placed a prerecorded telemarketing call using an automatic telephone dialing system to his phone.

65. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

66. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

67. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

68. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

69. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

70. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

71. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

72. Common questions will predominate, and there will be no unusual manageability issues.

10

Case 7:22-cv-00018-BO Document 1 Filed 01/31/22 Page 10 of 15

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the TCPA 227(b) Class)

73. Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

74. Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone calls to Plaintiff's and TCPA 227(b) Class Members' telephone numbers without prior express written consent.

75. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

76. Defendant has therefore violated 47 U.S.C. § 227(b).

77. As a result of Defendant's unlawful conduct, Plaintiff and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

78. Plaintiff and TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(a)
### (On Behalf of Plaintiff and the NC 75-102(a) Class)

79. Plaintiff and the proposed NC 75-102(a) Class incorporate the foregoing allegations as if fully set forth herein.

80. Defendant made, or had made on its behalf, telephone solicitations to Plaintiff's and NC 75-102(a) Class Members' telephone numbers.

11

81. Plaintiff's and NC 75-102(a) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the telephone solicitations.

82. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

83. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

84. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## THIRD CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(b)
### (On Behalf of Plaintiff and the NC 75-102(b) Class)

85. Plaintiff and the proposed NC 75-102(b) Class incorporate the foregoing allegations as if fully set forth herein.

86. Defendant made, or had made on its behalf, telephone solicitations to Plaintiff's and NC 75-102(b) Class Members' telephone numbers after Plaintiff and the NC 75-102(b) Class Members communicated to Defendant a desire to receive no further telephone solicitations from the telephone solicitor to their respective numbers.

87. Plaintiff and NC 75-102(b) Class Members are entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

88. Plaintiff and NC 75-102(b) Class Members are entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

89. Plaintiff and NC 75-102(b) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## FOURTH CAUSE OF ACTION
## Violations of N.C. Gen. Stat. § 75-104(a)
## (On Behalf of Plaintiff and the NC 75-104(a) Class)

90. Plaintiff and the proposed NC 75-104(a) Class incorporate the foregoing allegations as if fully set forth herein.

91. Defendant made, or had made on its behalf, unsolicited telephone calls to Plaintiff's and NC 75-104(a) Class Members' telephone numbers.

92. These unsolicited telephone calls used an "automatic dialing and recorded message player."

93. Plaintiff and NC 75-104(a) Class Members are entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

94. Plaintiff and NC 75-104(a) Class Members are entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

95. Plaintiff and NC 75-104(a) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing their counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

C. An order declaring that Defendant's actions, as set out above, violate N.C. Gen. Stat. §§ 75-102(a), 75-102(b) and 75-104(a).

D. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E. An award of statutory damages;

F. An award of treble damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

//

//

//

//

//

//

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** January 31, 2022

s/_Craig M. Shapiro_____
Craig M. Shapiro (NC State Bar # 48887)
LAW OFFICES OF JOHN T. ORCUTT, P.C.
1738 Hillandale Road, Suite D
Durham, North Carolina 27705
Tel: 919.286.1695
Fax: 919. 286.2704
cshapiro@johnorcutt.com

s/ Anthony I. Paronich_____
Anthony I Paronich, Esquire
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*LR 83.1(e) Special Appearance to be Filed*

s/ Max S. Morgan_____
Max S. Morgan, Esquire
Eric H. Weitz, Esquire
**THE WEITZ FIRM, LLC**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
*LR 83.1(e)  Special Appearances to be Filed*