IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-00018-BO

**Adam Davis,** *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

**Reliance First Capital, LLC,**

Defendant.

**Order**

Adam Davis has sued Reliance First Capital, LLC, under the federal Telephone Consumer Protection Act ("TCPA") and its North Carolina analogue. Davis alleges that Reliance, which sells home loans and refinancing plans, marketed its products to consumers (including Davis) using prerecorded telephone messages without first obtaining the potential customers' consent. Am. Compl., D.E. 17. Reliance counters that Davis—or someone acting on his behalf—provided consent to be contacted. Resp. Opp'n Pl.'s Mot., D.E. 32.

To support its argument that Davis invited the contact, Reliance subpoenaed Davis's cellular carrier, T-Mobile. *See* T-Mobile Subpoena, D.E. 32–1. The T-Mobile subpoena seeks information about Davis's call logs, text messages, voicemails, and internet activity in a 13-month window. *Id.* Davis moved to quash this subpoena, arguing it violates his privacy rights. Pl.'s Mot. Quash, D.E. 29. In the alternative, Davis requests a protective order narrowing the subpoena's scope. *Id.* Because Davis has not shown that he has standing to challenge this subpoena, the court denies his motion to quash (D.E. 29). It does, however, grant in part Davis's alternative request for a protective order.

## I. Background

Davis sued Reliance in January 2022. In his amended complaint, he alleges that Reliance violated the TCPA in November 2021 by using prerecorded phone messages to advertise to him. Am. Compl. at 5. Reliance contends that, before receiving the calls, Davis consented to be contacted. *See* Resp. Opp'n Pl.'s Mot. at 6. It also moved to dismiss the amended complaint in early June 2022. Mot. Dismiss, D.E. 19. Pending the resolution of Reliance's motion to dismiss, the parties agreed to allow "limited third party discovery . . . for the purpose of seeking information specific to [Davis]" from his internet and phone providers. Rule 26(f) Report at 2, D.E. 25.

Reliance then subpoenaed T-Mobile, seeking all Davis's call logs, internet activity, and text messages from January 1, 2021, to January 31, 2022. *See* T-Mobile Subpoena at 9. Reliance contends that it needs this information to determine whether Davis consented to receive marketing calls or instructed a third party to consent for him. *See* Resp. Opp'n Pl.'s Mot. at 6. Davis moved to quash the subpoena because he believes it is overbroad and violates his right to privacy. Mem. Supp. Mot. Quash at 2, D.E. 30. In the alternative, Davis asks for a protective order limiting the subpoena to two specific dates and telephone numbers. *See id.* at 11. Shortly after Davis moved to quash, T-Mobile produced his call logs. *See* Resp. Opp'n Pl.'s Mot. at 3. It has not, however, turned over Davis's internet history or text messages.[1] *Id.*

---

[1] Reliance argues that Davis's motion to quash is moot because T-Mobile already produced some of the materials at issue. Resp. Opp'n Pl.'s Mot. at 7. Reliance is incorrect. Davis moved to quash the subpoena before August 22, the date by which T-Mobile was asked to comply. T-Mobile has not yet produced any of the information Davis challenges save for his call logs. And even though Reliance has Davis's call logs, the court could order it to disregard them. *See, e.g.*, *Peters* v. *Balt. City Bd. of Sch. Comm'rs*, Civil No. WMN-13-3114, 2014 WL 4187307, at *4 (D. Md. Aug. 21, 2014) ("Although the subpoena recipients have already provided to Defendant the information requested in the subpoenas, Plaintiff's Motion to Quash is not moot. Plaintiff's Motion was timely filed, prior to the third parties' response to the subpoenas, and also requests a protective order. Even though Defendant is now in possession of the information at issue, the Court may still order Defendant to return and/or prohibit Defendant from using that information.") (citation omitted).

Earlier this month, the court issued an order asking Reliance to explain whether it still intends to seek the text messages and internet search history that T-Mobile had not yet produced. Order, D.E. 38. Reliance affirmed that it does. Notice of Intent, D.E. 40.

II.     Discussion

Davis has not shown that he has a valid privacy interest in the call logs, text messages, or internet search history he voluntarily turned over to T-Mobile, so he lacks standing to challenge the subpoena. But Davis has shown good cause to obtain a protective order, as the disclosure of his text messages and internet history could cause him undue embarrassment. Thus, while his motion to quash is denied, the court orders that the scope of the T-Mobile subpoena be narrowed as it concerns text messages and internet traffic.

   A.     **Motion to Quash**

Litigants rarely have standing to quash a subpoena served on a nonparty "unless the party claims some personal right or privilege in the information sought by the subpoena." *United States* v. *Idema*, 118 F. App'x 740, 744 (4th Cir. 2005); *accord Warth* v. *Seldin*, 422 U.S. 490, 499 (1975) (explaining that a litigant "cannot rest his claim to relief on the legal rights . . . of third parties"). And when a party asserts privilege in challenging a subpoena, that party bears the burden of showing that the privilege applies. *See United States* v. *Bornstein*, 977 F.2d 112, 116 (4th Cir. 1992). While courts often allow a litigant to quash a third-party subpoena that would undermine attorney-client privilege or work-product protections, *see, e.g.*, *CTB, Inc. v. Hog Slat, Inc.*, No. 7:14-CV-157-D, 2016 WL 1244998, at *5 (E.D.N.C. Mar. 23, 2016), they are less likely to grant motions based on general privacy concerns, *see, e.g.*, *Corsair Special Situations Fund, L.P.* v. *Engineered Framing Sys., Inc.*, No. 09–1201-PWG, 2011 WL 3651821, at *2 (D. Md. Aug. 17. 2011).

3

In *Corsair Special Situations Fund*, for instance, a civil defendant moved to quash a subpoena served on Verizon Wireless (a nonparty) for custodial records. *Id.* at *1. The subpoena sought "telephone bills, invoices, incoming and outgoing call records, [and] incoming and outgoing text messages" in which the defendant claimed a privacy interest. *Id.* (citation omitted). The court walked through each type of record and found no evidence from the Supreme Court or the Fourth Circuit establishing a privacy interest sufficient to challenge a third-party subpoena. *Id.* at *2–4.

In support of his allegation that the T-Mobile subpoena infringes on his "privacy interest[,]" Davis cites legislative history associated with the Telephone Records and Privacy Protection Act;[2] provisions of the Telecommunications Act; and Supreme Court precedent discussing individuals' right to privacy in their homes. Mem. Supp. Mot. Quash at 9–11. Notably absent is any citation to Fourth Circuit or Supreme Court precedent suggesting that an individual has a privacy interest in information voluntarily surrendered to cell phone carriers. And a cursory look into relevant precedent suggests that no such interest exists. *See, e.g.*, *Smith* v. *Maryland*, 442 U.S. 735, 743–44 (1979) ("This Court consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.") (citations omitted).

Because Davis has presented no binding authority suggesting that he has a privacy interest in the call logs, text messages, or internet traffic he provided to T-Mobile, he has not met the

---

[2] Mere legislative history cannot unilaterally undergird Davis's claim that a privacy right exists. *See Epic Sys. Corp.* v. *Lewis*, 138 S. Ct. 1612, 1631 (2018) ("[L]egislative history is not the law."). Nothing in the TCPA's text establishes a right to the nondisclosure of telephone records handed over to wireless carriers. *See* 47 U.S.C. § 227. And even if legislative history may be helpful, citation to the legislative histories of other statutes is irrelevant. The court declines Davis's invitation to "divine messages from congressional commentary directed to different questions altogether[.]" *Epic Sys. Corp.*, 138 S. Ct. at 1631.

4

burden of proving that a privilege exists. *See Bornstein*, 977 F.2d at 116; *Corsair Special Situations Fund*, 2011 WL 3651821, at *4. Thus, he lacks standing to quash the T-Mobile subpoena.

B. **Protective Order**

Although Davis has not established standing to challenge the subpoena, the court can consider the merits of his alternative request for a protective order. *See CTB, Inc.*, 2016 WL 1244998, at *5. Under Rule 26, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Davis asks that the court limit the T-Mobile subpoena to two dates: the day Reliance called him and the day he allegedly provided his consent to be contacted. Mem. Supp. Mot. Quash at 8–9.

Courts routinely allow TCPA defendants to discover plaintiffs' call logs for more than just the date of solicitation and the date of alleged consent. *See, e.g.*, *Katz* v. *Liberty Power Corp.*, No. 18-cv-10506-ADB, 2019 WL 957129, at *4 (D. Mass. Feb. 27, 2019) (collecting cases). And although some courts have granted discovery for a smaller timeframe, the discovery requested here is not beyond the pale. *Compare, e.g.*, *Lucas* v. *Telemarketer Calling From (407) 476–5670 & Other Tel. Nos.*, No. 1:12-CV-630, 2014 WL 12656102, at *2 (S.D. Ohio May 22, 2014) (granting motion to compel the production of a party's call records from a single month), *with Fitzhenry* v. *ADT Corp.*, No. 14–80180, 2014 WL 12874055, at *1 (S.D. Fla. Aug. 8, 2014) (denying motion to quash third-party subpoena seeking one year of phone records). Because it is not uncommon for litigants to subpoena cell carriers for a year's worth of call logs in TCPA cases, and because Reliance claims the logs will be relevant to its defenses against Davis (*see* Resp. Opp'n Pl.'s Mot. at 5–6), the court declines to limit Reliance's use of the call logs T-Mobile has already provided.

5

The court does, however, take seriously Davis's concerns about personal privacy. It finds that dissemination of the records T-Mobile has yet to disclose could subject him to undue embarrassment. *See* Fed. R. Civ. P. 26(c)(1). In support of its argument that T-Mobile should turn over 13 months' worth of Davis's texts, Reliance claims only that Davis may have texted a third party to opt-in to Reliance's marketing calls on his behalf. Resp. Opp'n Pl.'s Mot. at 6. Reliance makes no argument justifying its request for the list of websites Davis has visited.

These requests do not suggest a good-faith inquiry into the origins of Davis's alleged consent—they look like an attempt to embarrass Davis by commanding that his cell service provider hand over every website he's visited and every text he's sent or received for a period exceeding a year. Reliance points out that "[t]he disclosure of telephone numbers, as well as the date, time, and duration of calls does not represent a significant intrusion" of Davis's privacy. Resp. Opp'n Pl.'s Mot. at 6 (quoting *Mintz* v. *Mark Bartelstein & Assocs., Inc.,* 885 F. Supp. 2d 987, 1001 (C.D. Cal. 2012)). The court agrees. But it sees no reason why Reliance should be entitled to Davis's text messages and website traffic writ large.

Rather than allow Reliance to probe into a year's worth of Davis's personal information, the court thinks it better to narrow the rest of the T-Mobile subpoena to November 18 and 20, 2021. These are the date of Davis's alleged consent, and the date Reliance called him. If the evidence suggests that Davis texted an acquaintance about opting-into Reliance's marketing calls or visited a relevant website on another date,[3] Reliance may subpoena T-Mobile again to obtain more information.

---

[3] This information could be obtained through an interrogatory or deposition testimony, for example.

6

**III.    Conclusion**

Because Davis fails to establish that he has standing to challenge the T-Mobile subpoena, the court denies his motion to quash (D.E. 29). It does, however, grant in part Davis's alternative request for a protective order. While Reliance may use the call logs that it has already obtained from the T-Mobile subpoena, the court narrows the subpoena's requests for Davis's text messages and website traffic to November 18 and 20, 2021, at this time.

Dated: November 18, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge