THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-00018

ADAM DAVIS, on behalf of himself and )
all others similarly situated )
)
)
Plaintiff, )
)
v. ) O R D E R
)
RELIANCE FIRST CAPITAL, LLC, )
)
Defendant. )

This cause comes before the Court on defendant's motion to dismiss and/or strike plaintiff's first amended complaint. [DE 19]. Plaintiff responded, defendant replied, and the matter is ripe for adjudication. For the following reasons, defendant's motion is denied.

## BACKGROUND

Plaintiff, a North Carolina citizen, owns a cellphone that is listed on the Do Not Call Registry. [DE 17 ¶¶ 25, 27, 47]. Plaintiff does not perform any commercial activity on that cell phone. [DE 17 ¶ 26]. Defendant, Reliance First Capital (RFC), is an LLC incorporated in Delaware and headquartered in New York that sells home loans and refinancing plans to consumers. [DE 17 ¶¶ 11, 17-18]. RFC has allegedly held an active mortgage lender license (L-152005) from the North Carolina Commissioner of Banks since 2008. [DE 17 ¶¶ 6, 14]. RFC allegedly maintains an office at 11605 N. Community House Road, #200, Charlotte, NC 28277. [DE 17 ¶ 12].

Plaintiff alleges that he received four unsolicited pre-recorded calls from (877) 271-3082. [DE 17 ¶ 28]. Plaintiff alleges that, on November 20, 2021, at 9:23 am, he received a voicemail from RFC. [DE 17 ¶¶ 28, 29]. The voicemail allegedly states:

> "Good Morning. Do you have just five to ten minutes to chat today? One of our analysts here at Reliance First Capital would love to show you options that take the money you currently spend and put more of it back into your pocket where it belongs, get you debt free sooner, and show you ways to get cash out in the most cost-effective manner. Money that I believe could be a blessing for your family. We are held in high regard by many. So let us show you why today. Call us back at 877-271-3082. Thanks!"

[DE 17 ¶ 21]. Plaintiff alleges that he could tell from the tone and cadence that the voice was pre-recorded. [DE 17 ¶ 32]. When he called the number back, a pre-recorded message allegedly stated, "Thank you for calling Reliance First Capital." [DE 17 ¶ 35]. That same day, plaintiff allegedly received two more calls from RFC at 10:22 am and one more at 11:48 am. [DE 17 ¶¶ 28, 34].

Plaintiff filed one claim under the consumer privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). [DE 17 ¶¶ 73-78]. Plaintiff filed two claims under the North Carolina Telephone Solicitations Act ("NCTSA") (N.C. Gen. Stat. § 75-102(a) [DE 17 ¶¶ 79-84], N.C. Gen. Stat. § 75-104(a) [DE 85 ¶¶ 85-90]). Plaintiff seeks statutory damages, including treble damages for defendant's allegedly willful and knowing conduct. Plaintiff also seeks injunctive relief. [DE 17 ¶ 69].

For each of the three claims, plaintiff brings an action on behalf of three defined classes of consumers (collectively, the "Classes") under Fed. R. Civ. P. 23. [DE 17 ¶¶ 58-72]. Pursuant to 47 U.S.C. § 227(b), the "TCPA class" is defined as follows:

2

> "Since January 31, 2018, Plaintiff and all persons within the United States to whose residential telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call."

[DE 17 ¶ 58]. Pursuant to N.C. Gen. Stat. § 75-102(a), the "NC § 102(a) class" is defined as follows:

> "Since January 31, 2020, Plaintiff and all residents of the State of North Carolina to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when the telephone number to which the telephone solicitation was made was on the National Do-Not-Call Registry at the time of the call."

[DE 17 ¶ 58]. And pursuant to N.C. Gen. Stat. § 75-104(a), the "NC § 104(a) class" is defined as follows:

> "Since January 31, 2020, Plaintiff and all residents of the State of North Carolina to whose number Defendant placed (or had placed on its behalf) an unsolicited telephone call using identical, or substantially identical, equipment and recorded message used to contact the Plaintiff."

[DE 17 ¶ 58]. Plaintiff alleges that "numerous consumers have turned to the internet to complain about Defendant's telemarketing practices." [DE 17 ¶ 23]. The complaint contains links to websites containing those complaints. [DE 17 ¶¶ 23, 45]. Plaintiff also included screenshots of Google reviews complaining about defendant's telemarketing practices. [DE 17 ¶ 24].

## DISCUSSION

RFC argues plaintiff (I) neither established personal jurisdiction (II) nor established standing. RFC argues (III) plaintiff's TCPA claim contains insufficient evidence that the calls were "pre-recorded." And even if there was sufficient evidence, defendant argues treble damages are unwarranted because there is insufficient evidence of a "willful or knowing" violation of the TCPA. Similarly, defendant attacks the NCTSA claims for containing insufficient evidence of "solicitation" of a "residential" phone number. Defendant then moves (IV) to strike various

3

paragraphs of plaintiff's complaint as prejudicial. Finally, defendant moves (V) to strike all three of plaintiff's proposed Classes. The Court finds none of these arguments persuasive.

## I. Sufficient personal jurisdiction

RFC argues this suit should be dismissed for lack of personal jurisdiction. In a TCPA case such as this, specific personal jurisdiction exists when "it is reasonable to infer" that defendant "purposefully aimed its conduct at [North Carolina] by contacting directly [plaintiff's North Carolina] telephone number. . . ." *Abramson v. Agentra, LLC*, No. CV 18-615, 2018 WL 6617819, at *4 (W.D. Pa. Dec. 18, 2018). Plaintiff alleged defendant called plaintiff's residential North Carolina phone number and left a pre-recorded voicemail. [DE 17 ¶¶ 28-32]. Plaintiff also alleged that defendant has conducted business transactions in North Carolina since 2008, maintains a regional office in North Carolina, and has a license to perform financial services from the North Carolina Commissioner of Banks. [DE 17 ¶¶ 12–14, 17]. That is sufficient to infer defendant purposefully aimed its conduct at North Carolina customers. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, [defendant] must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985). Defendant has not presented a compelling case that would render North Carolina an unreasonable jurisdiction. Thus, this Court has personal jurisdiction over this matter.

## II. Standing for injunctive relief

RFC argues that plaintiff lacks standing to pursue injunctive relief because plaintiff does not allege a threat of future injury. [DE 20 at 18]. However, the TCPA bestows this Court with the power to grant "a permanent or temporary injunction" upon a proper showing. 47 U.S.C. § 227(g)(2). Therefore, plaintiff has standing to request injunctive relief.

4

### III. Sufficiently pleaded a claim under the TCPA & NCTSA

Defendant makes several arguments in favor of dismissing plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

1) The TCPA claim survives

Plaintiff claims defendant violated the TCPA's prohibition on making non-emergency, non-consensual calls to plaintiff's cell phone while "using an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A). And plaintiff claims he is entitled to treble damages because defendant's violative conduct was knowing and willing. 47 U.S.C. § 227(b)(3)(C).

a) Sufficient evidence the call was prerecorded

RFC argues plaintiff fails to sufficiently allege the calls were "prerecorded." [DE 20 at 11-12]. A complaint sufficiently alleges a call "pre-recorded" when the allegations go beyond bare legal conclusions or the recitation of statutory language by detailing the frequency and content of the calls. *Evans v. Nat'l Auto Div., L.L.C.*, No. 15-8714, 2016 WL 885050, at *4-5 (D.N.J. Mar. 8,

5

2016). Plaintiff complaint contains: (1) the time and frequency of the calls, (2) a transcript of the voicemail, (3) plaintiff's allegation that the "cadence and tenor" of the message sounded prerecorded, and (4) other online complaints indicating that other people had received prerecorded calls from defendant. [DE 17 ¶¶ 23, 24, 28-30, 45]. At this stage, these allegations are sufficient for the Court to infer the calls were pre-recorded.

       b) Sufficient evidence of a willful or knowing violation of the TCPA

RFC argues that plaintiff is not entitled to treble damages because plaintiff's allegations of defendant's willful or knowing conduct are "conclusory." "Willful or knowing violation of TCPA requires only that defendant know of the facts constituting the offense." *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1151 (N.D. Ill. 2014). Defendant's knowledge can be shown by online reviews or a lawsuit complaining of similar conduct. Plaintiff presents online consumer complaints describing defendant's telemarketing practices. [DE 23, 24, 45]. Plaintiff also alleges that defendant was sued for similar conduct. [DE 17 ¶ 44 *citing Gillam v. Reliance First Capital, LLC*, No. 2:21-cv-04774-JMA-JMW (E.D.N.Y. Filed August 24, 2021)]. At this stage, that evidence allows the Court to reasonably infer that RFC knew about its violative conduct before allegedly calling plaintiff's phone. Therefore, plaintiff's TCPA claim survives the motion to dismiss.

2) The two NCTSA claims also survive

RFC argues that both NCTSA claims should be dismissed because plaintiff failed to sufficiently plead "solicitation" of a "residential" phone number. Alternatively, defendant argues the NCSTA claims be dismissed under the doctrine of double recovery.

       a) Sufficient evidence of solicitation

The NCTSA defines a telephone solicitation as a call made "for the purpose of soliciting or encouraging the purchase or rental of, or investment in, property, goods, or services." N.C. Gen.

6

Stat. § 75-101(9). The NCTSA definition is almost identical to the TCPA's. In evaluating whether or not a call is a "solicitation," the Court examines the content and context of the message while using "a measure of common sense." *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). The content of the message offers RFC's financial services as a means to save consumers money. Defendant claims that plaintiff's complaint was conclusory. However, from the context, it is clear that the message was meant to elicit a business transaction between the recipient and RFC. Therefore, plaintiff's allegations are sufficient to show solicitation.

b) The NCTSA does not require evidence that the number is "residential"

The North Carolina statute only applies to those numbers on the National Do Not Call Registry. N.C. Gen. Stat. § 75-102(a). RFC argues that plaintiff has not shown his phone number was "residential." [DE 20 at 14]. Granted, the Do Not Call Registry is generally only available to "residential telephone subscriber[s]," but § 75-102(a) does not require plaintiff to prove the number was residential.[1] Plaintiff alleges his cell phone was on the Do Not Call Registry prior to receiving defendant's calls. [DE 17 ¶¶ 25, 27, 47]. That is adequate at this stage of proceedings.

c) No impermissible double recovery

Defendant claims plaintiff's NCTSA claims and the TCPA claim are founded on the same alleged conduct. According to defendant, the NCSTA claims must be dismissed because plaintiff cannot recover twice for the same conduct under the theory of double recovery. However, the NCTSA explicitly allows actions to be brought under both the TCPA and NCTSA. N.C. Gen. Stat. § 75-105(e) ("A citizen of this State may also bring an action in civil court to enforce the private

---

[1] The TCPA requires plaintiff to prove the challenged solicitation was made to a residential number. But plaintiff has alleged that he "is the user of a residential telephone number." An allegation that plaintiff received a solicitation on his or her residential cell phone is sufficient to survive a motion to dismiss. *Boardman v. Green Dot Corp.*, No. 3:21-CV-00174-FDW-DSC, 2021 WL 3699856 (W.D.N.C. Aug. 19, 2021).

7

rights of action established by federal law under 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5)."). Therefore, there is no impermissible double recovery.

## IV. No portions of plaintiff's complaint will be struck

Defendant moves to strike paragraphs 23, 24, 44, and 45 of plaintiff's complaint. [DE 20 at 19-21]. Paragraphs 23, 24, and 45 contain online reviews complaining about defendant's telemarketing. These complaints are relevant to the validify of plaintiff's proposed Classes. *See Michael v. Honest Co., Inc.*, No. LACV1507059JAKAGRX, 2016 WL 8902574 (C.D. Cal. Dec. 6, 2016) (refusing to strike "commentary on the Internet about purported customer grievances" because "[t]he allegations at issue concern other consumers, who may be putative class members, who supposedly had similar experiences").[2] Paragraph 44 references a previous suit alleging defendant violated the TCPA in New York. This prior suit is relevant to proving willful or knowing conduct (see *infra*). Therefore, because the challenged paragraphs (¶¶ 23, 24, 44, 45) may be relevant to plaintiff's suit, the Court will not strike any of them.

## V. Motion to strike plaintiff's proposed Classes is premature

Defendant makes various arguments as to why the plaintiff's three proposed Classes should be stricken. [DE 20 at 21-30]. However, at this stage in this case, defendant's arguments are premature. "A ruling on class certification should normally be based on 'more information than the complaint itself affords.'" *Post v. AmerisourceBergen Corp.*, No. 1:19-CV-73, 2020 WL 6385621 (N.D.W. Va. Oct. 30, 2020) (denying motion to strike class allegations in TCPA case) *quoting Doctor v. Seaboard Coast Line R. Co.*, 540 F.2d 699, 707 (4th Cir. 1976)). Upon review

---

[2] The alleged online reviews are distinguishable from the reviews in defendant's cited authority. Plaintiff's online reviews: (1) describe conduct similar to that alleged in plaintiff's complaint, (2) specifically accuse RFC of the conduct, (3) are not anonymous. Moreover, much of RFC's legal authority is from cases in a vastly different procedural posture then the one here. *Nordstrom, Inc. v. NoMoreRack Retail Grp., Inc.*, No. C12-1853-RSM, 2013 WL 1196948 (W.D. Wash. Mar. 25, 2013) (preliminary injunction); *Trademark Properties, Inc. v. A & E Television Networks*, No. 2:06-CV-2195-CWH, 2008 WL 4811461, at *2 (D.S.C. Oct. 28, 2008), n. 2 (D.S.C. Oct. 28, 2008) (motion to exclude expert testimony). These authorities are not persuasive.

of the evidence, the Court is satisfied plaintiff's Classes are "not so facially defective to allow the Court to deny certification without permitting Plaintiff to take discovery to try to satisfy the requirements of Rule 23." *Stemke v. Marc Jones Constr., LLC*, No. 5:21-CV-274-30PRL, 2021 WL 4340424 (M.D. Fla. Sept. 23, 2021). Thus, without determining the validity of defendant's arguments, the Court will not strike plaintiff's proposed class until both parties have had the opportunity to fully brief the issue. Defendant is free to renew its' arguments once plaintiff moves for certification.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss and/or strike [DE 19] is denied.

SO ORDERED, this _13_ day of February, 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE